UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOHN M. STEWART, | ) | Case No. 08-3-JLR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO PROCEED IN FORMA |
| KING COUNTY JAIL, et al., | ) | PAUPERIS AND MOTION FOR THE |
| | ) | APPOINTMENT OF COUNSEL |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff John M. Stewart has filed an application to proceed *in forma pauperis* ("IFP") and a motion for the appointment of counsel in this proposed 42 U.S.C. § 1983 complaint against King County, the King County Jail, Jail Director Reed Holtgeerts, and Director of Public Health David Fleming. Dkt. No. 1, 1-1. The proposed complaint on which this action proceeds seeks damages of over two million dollars for allegedly inadequate medical care and other unlawful prison conditions. Dkt. No. 1-1. After careful consideration of plaintiff's motions, the governing law and the balance of the record, the Court ORDERS as follows:

A.  "Three Strikes" Rule of 28 U.S.C. § 1915(g)

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude this privilege "if the

ORDER DENYING PLAINTIFF'S MOTION TO
PROCEED IN FORMA PAUPERIS AND MOTION
FOR THE APPOINTMENT OF COUNSEL
PAGE – 1

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The objective of § 1915(g), also known as the "three strikes" rule, is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *see also Lira v. Herrera*, 427 F.3d 1164, 1174 n.11 (9th Cir. 2005) (similar).

B.  <u>Plaintiff is Barred From Proceeding IFP Pursuant to 28 U.S.C. § 1915(g)</u>

Plaintiff is a prolific litigator. This court has dismissed with prejudice more than three complaints filed by plaintiff as frivolous and/or failing to state a claim, pursuant to § 1915(g). *See Stewart v. City of Maple Valley*, C99-237-TSZ (W.D. Wash.); *Stewart v. Sessions*, C99-199-BJR (W.D. Wash.); *Stewart v. Morgan*, C99-197-JCC (W.D. Wash.). That makes him a "three strikes" litigant.

Furthermore, it is clear that plaintiff has failed to satisfy the "imminent injury" exception to 1915(g). While plaintiff has alleged a § 1983 prison conditions lawsuit, he has not alleged, nor is there any indication in the record, that he was under imminent danger of serious physical injury upon filing his proposed complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007) ("[T]he exception applies if the danger existed *at the time the prisoner filed the complaint*.") (emphasis added). This conclusion is further substantiated by the recent letters plaintiff has mailed to this court, which make no mention of such danger. *See* Dkt. Nos. 3-4. Accordingly, plaintiff has failed to overcome the bar imposed by 28 U.S.C. § 1915(g), and may not proceed in this action without paying the full filing fee.

It is therefore ORDERED:

(1)  Plaintiff's IFP application (Dkt. No. 1) is DENIED;

(2) This action shall proceed only if plaintiff pays the applicable filing fee within thirty (30) days after entry of this Order;

(3) As a result, plaintiff's proposed motion for appointment of counsel (Dkt. No. 1-2) is DENIED as premature; and

(4) The Clerk of Court shall furnish copies of this Order to plaintiff and to the Honorable James P. Donohue.

DATED this 19th day of February, 2008.

　

JAMES L. ROBART
United States District Judge

Recommended for entry this
19th day of February, 2008.

s/ JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO
PROCEED IN FORMA PAUPERIS AND MOTION
FOR THE APPOINTMENT OF COUNSEL
PAGE – 3